IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES**

**v.**                                                           **CRIMINAL NO. 1:23-cr-6-TBM-BWR**

**HUGO ARNALDO OLIVA**

**ORDER**

Now before the Court is Defendant Hugo Arnaldo Oliva's Motion for Reconsideration [69] of the Court's Order [67] denying Oliva a sentencing reduction under Sentencing Guidelines Amendment 821—Part B. The Government has not filed a response. Upon review of Oliva's Motion, the record, and the applicable legal authority, the Court finds that Oliva's Motion for Reconsideration [69] should be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Oliva's current term of incarceration results from his conviction on the three count Indictment for conspiracy to unlawfully transport and alien within the United States for commercial advantage or private financial gain in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii), Title 8 U.S.C. § 1324(v)(I), and Title 8 U.S.C. § 1324(B)(i). Oliva was sentenced to a term of 21 months imprisonment. On March 28, 2024, this Court denied Oliva a sentence reduction under 2023 U.S.S.C. Amendment 821. He now seeks reconsideration of that decision and asks the Court to lower his offense level. Specifically, Oliva argues that under Amendment 821—Part B, "Oliva is eligible for a sentence reduction." [69], pg. 3. Oliva asserts that his offense level at sentencing was 15, but with the two-point reduction under § 4C1.1., his offense level would be 13, "resulting in a new Guidelines range of 12-18 months." *Id.* at pp. 2-3. In his Motion, Oliva states that under the

recalculated guideline range, his "21-month sentence would require an upward departure or variance." *Id.*

## II. DISCUSSION AND ANALYSIS

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, Oliva's Motion to Reconsider is merely a form motion with no mention of what this Court must consider. Without more, his Motion should be denied. *See United States v. Heredia*, No. 19-cr-51-GGG, 2024 WL 3105019, at * 2 (E.D. La. Jun. 24, 2024).[1] To begin, he does not present the Court with newly discovered evidence, nor does he argue that such evidence exists. Second, he does not argue that there was any intervening change in the law. Finally, he does not argue that the Court erred in its prior decision or that any other circumstances exist warranting reconsideration.

---

[1] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Whale Cap., L.P. v. Ridgeway*, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

Instead, Oliva simply argues that the Court should resentence him to avoid "unwanted sentencing disparities." And Oliva does not point to any specific defendant who is similarly situated in terms of specific conduct and history. Further, even if it were assumed there were some type of minor disparity, upon consideration of the Section 3553 factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that he is not entitled to a reduction in sentence. As discussed at sentencing, the nature of Oliva's offense included the involuntary detention of multiple aliens at a residence until payment in full was satisfied. Therefore, after careful consideration of the record, Oliva's Motion, the applicable legal authority, the facts and circumstances of this case, the personal history and characteristics of Oliva, the Court finds that Oliva's original sentence of 21 months is appropriate. Oliva's Motion for Reconsideration [69] is denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant Hugo Arnaldo Oliva's Motion for Reconsideration [69] is DENIED.

**This, the 24th day of July, 2024.**

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**